# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## Case No. 21-12439
## Consolidated with No. 21-12428

_____

MSP RECOVERY CLAIMS, SERIES LLC,
*Appellant,*

v.

UNITED AUTOMOBILE INSURANCE COMPANY,
*Appellee.*

ON REVIEW FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA.

_____

# ANSWER  BRIEF

_____

Nancy A. Copperthwaite
Valerie B. Greenberg
Lorayne Perez
AKERMAN LLP
Three Brickell City Centre
98 S.E. Seventh Street, Suite 1100
Miami, Florida  33131
Telephone: 305-374-5600

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 26.1, appellee United Automobile Insurance Company ("United Auto") certifies that no publicly traded entity owns 10% or more of its stock. In addition to the persons and entities identified in Appellant's Initial Brief, United Auto certifies that the following also may have an interest in the outcome of this case:

Lorayne Perez, Esq.

United Automobile Holdings, LLC.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ....................................... C-1

TABLE OF AUTHORITIES ........................................................ iv

GLOSSARY ........................................................................ viii

STATEMENT REGARDING ORAL ARGUMENT ..................................... ix

PRELIMINARY STATEMENT ...................................................... ix

I.    STATEMENT OF ISSUES .................................................. 1

II.   STATEMENT OF THE CASE ............................................... 1

      A.    COURSE OF THE PROCEEDINGS ...................................... 2

      B.    STATEMENT OF FACTS ............................................. 3

            1.    Introduction ........................................... 3

            2.    The Relevant Medicare Statutory Provisions ................. 4

                  (a)   CONGRESS ADOPTS THE MSP ACT IN 1980 ............. 5
                  (b)   CONGRESS ENACTS THE MA PROGRAM IN 1997 ........ 7

            3.    The Florida No-Fault Auto Insurance System ................ 9

            4.    MSP Recovery's Class Action Complaint .................... 13

            5.    The District Court's Summary Judgment .................... 15

      C.    STANDARD OF REVIEW ............................................. 16

III.  SUMMARY OF THE ARGUMENT ............................................. 17

IV.   ARGUMENT ........................................................... 19

      THE DISTRICT COURT PROPERLY GRANTED SUMMARY
      JUDGMENT IN VIEW OF MSP RECOVERY'S ADMITTED
      FAILURE TO COMPLY WITH THE PRE-SUIT
      REQUIREMENTS OF THE FLORIDA PIP STATUTE ................... 19

ii

A.  AS THE DISTRICT COURT HELD, THE MSP ACT
    DOES NOT PREEMPT THE SUBSTANTIVE
    CONDITIONS PRECEDENT TO SUIT SET FORTH
    IN THE FLORIDA PIP STATUTE .......................................... 19

    1.  States Traditionally Regulate Insurance ...................... 21

    2.  There Is No Express Preemption ................................. 23

        (a) SECTION 1395W-26,
            THE MAO STANDARDS ACT ..................................... 23

        (b) MEDICARE REGULATIONS ...................................... 25

        (c) SECTION 1395W-22(A)(4),
            THE MAO RIGHT-TO-CHARGE PROVISION ............... 28

    3.  There Is No Conflict Preemption ................................. 30

    4.  *Kingsway* and *Western Heritage*
        Do Not Support Preemption ......................................... 34

B   THIS COURT HAS NOT YET ADDRESSED
    THE PRE-SUIT REQUIREMENTS
    OF FLORIDA'S NO-FAULT LAW
    IN THE CONTEXT OF MSP ACT LITIGATION .................... 36

    1.  *ACE American* Does Not Mention
        Preemption or the Florida PIP Statute ......................... 36

    2.  The *ACE* Court Did Not Make an "Implicit" Ruling
        on Preemption or the Florida PIP Statute .................... 39

V.  CONCLUSION ................................................................ 41

CERTIFICATE OF COMPLIANCE .......................................... 42

CERTIFICATE OF SERVICE .................................................. 42

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

# TABLE OF AUTHORITIES

**Page**

**CASES**

Altria Grp., Inc. v. Good,
    555 U.S. 70 (2008) ....................................................... 21,25,30

Belcher Pharm., LLC v. Hospira, Inc.,
    1 F.4th 1374 (11th Cir. 2021) ................................................. 40

Cal. Ins. Guar. Ass'n v. Azar,
    940 F.3d 1061 (9th Cir. 2019) ................................................. 22

Caldera v. Ins. Co. of State of Pa.,
    716 F.3d 861 (5th Cir. 2013) .................................................... 6

Chiropractic One, Inc. v. State Farm Mut. Auto. Ins. Co.,
    92 So. 3d 871 (Fla. 5th DCA 2012) ......................................... 10

Conway v. United States,
    997 F.3d 1198 (Fed. Cir. 2021) .......................................... 21-22

Glover v. Liggett Grp., Inc.,
    459 F.3d 1304 (11th Cir. 2006) ........................................... 6,38

Graham v. R.J. Reynolds Tobacco Co.,
    857 F.3d 1169 (11th Cir. 2017) ......................................... 31-32

Humana Med. Plan, Inc. v. W. Heritage Ins. Co.,
    832 F.3d 1229 (11th Cir. 2016) ..................................... *passim*

IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC,
    263 So. 3d 122 (Fla. 3d DCA 2018) ........................................ 14

Marrache v. Bacardi U.S.A., Inc.,
    17 F.4th 1084 (11th Cir. 2021) ...................................... *passim*

Medtronic, Inc. v. Lohr,
    518 U.S. 470 (1996) .................................................... 21-22,33

Menendez v. Progressive Express Ins. Co.,
    35 So. 3d 873 (Fla. 2010) ........................................................ 9

iv

MRI Assocs. of Am., LLC v. State Farm Fire & Cas. Co.,
   61 So. 3d 462 (Fla. 4th DCA 2011) ......................................... 11

MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.,
   974 F.3d 1305 (11th Cir. 2020),
   *cert. denied*, 141 S. Ct. 2758 (2021) ................................ *passim*

MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.,
   No. 17-13749, 2018 WL 1547600 (S.D. Fla. Mar. 9, 2018),
   *rev'd*, 974 F.3d 1305 (11th Cir. 2020) .............................. 36-37

MSP Recovery Claims, Series LLC v. Atl. Specialty Ins. Co.,
   No. 20-CV-00553, 2021 WL 6750961
   (M.D. Fla. Dec. 29, 2021) ......................................................... 14

MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.,
   965 F.3d 1210 (11th Cir. 2020) ................................................. 4

MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.,
   No. 20-20887, 2021 WL 2980597 (S.D. Fla. July 14, 2021)
   ...................................................................................... *passim*

MSP Recovery, LLC v. Allstate Ins. Co.,
   835 F.3d 1351 (11th Cir. 2016) ........................................... 4,33

MSPA Claims 1, LLC v. First Acceptance Ins. Co.,
   380 F. Supp. 3d 1235 (M.D. Fla. 2019) ............................... 1,23

MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.,
   950 F.3d 764 (11th Cir. 2020) ........................................ *passim*

MSPA Claims 1, LLC v. Tenet Fla., Inc.,
   918 F.3d 1312 (11th Cir. 2019) ............................................ 4-7

Murphy v. Dulay,
   768 F.3d 1360 (11th Cir. 2014) ...................................... *passim*

Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.,
   657 F. Supp. 2d 1279 (M.D. Fla. 2009) ................................. 11

Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.,
   No. 20-10667, 2022 WL 40210 (11th Cir. Jan. 5, 2022) ......... 39

Ocean Harbor Cas. Ins. Co. v. MSPA Claims 1, LLC,
    261 So. 3d 637 (Fla. 3d DCA 2018) ................................. *passim*

Parra v. PacifiCare of Ariz., Inc.,
    715 F.3d 1146 (9th Cir. 2013) ............................................. 8,29

Piambino v. Bailey,
    757 F.2d 1112 (11th Cir. 1985) ............................................. 40

Potts v. Rawlings Co., LLC,
    897 F. Supp. 2d 185 (S.D.N.Y. 2012) ...................................... 29

Price v. RLI Ins. Co.,
    914 So. 2d 1010 (Fla. 5th DCA 2005) .................................... 11

Rivera v. State Farm Mut. Auto. Ins. Co.,
    317 So. 3d 197 (Fla. 3d DCA 2021) ................................. *passim*

Robbins v. Garrison Prop. & Cas. Ins. Co.,
    809 F.3d 583 (11th Cir. 2015) ................................................ 10

Sidman v. Travelers Cas. & Sur.,
    841 F.3d 1197 (11th Cir. 2016) ............................................. 20

Wheeler v. City of Pleasant Grove,
    746 F.2d 1437 (11th Cir. 1984) ............................................. 39

**STATUTES AND REGULATIONS**

42 C.F.R. § 411.22 ............................................................ 25-27,38

42 C.F.R. § 411.24 ............................................................ 25-27,38

42 C.F.R. § 411.51 ................................................................... 7

42 C.F.R. § 422.1 ..................................................................... 25

42 C.F.R. § 422.108 ............................................................ 25-26

42 C.F.R. § 422.402 .................................................................. 24

Florida Motor Vehicle No-Fault ("PIP") Statute,
Fla. Stat. § 627.736 (2017) .................................................. *passim*

Fla. Stat. § 627.7407 (2017) .................................................. 13,30

Health Insurance Portability & Accountability Act ("HIPAA"),
42 U.S.C. §§ 1320 *et seq.* (2014) ........................................... 22,32

Medicare Act,
42 U.S.C. § 1395 (2020) .................................................... *passim*

MAO Act,
42 U.S.C. § 1395w (2020) .................................................. *passim*

Medicare Secondary Payer Act,
42 U.S.C. § 1395y(b) (2020) ................................................ *passim*

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

# GLOSSARY

| | |
|---|---|
| **AvMed** | AvMed, Inc., the alleged assignor of the two representative claims against United Auto |
| **CMS** | Centers for Medicare & Medicaid Services |
| **Covington** | Appellee Covington Specialty Insurance Company |
| **MA Program** | The Medicare Advantage Program set forth in Part C of the Medicare Act, 42 U.S.C. § 1395 |
| **MAO** | Medicare Advantage Organization |
| **MAO Right-to Charge Provision** | 42 U.S.C. § 1395w-22(a)(4) |
| **MAO Standards Act** | 42 U.S.C. § 1395w-26 |
| **MSP Act** | Medicare Secondary Payer Act, set forth in Part E of the Medicare Act, 42 U.S.C. § 1395y(b) |
| **MSP Recovery** | Appellant MSP Recovery Claims, Series LLC |
| **MSPA Claims** | Appellant MSPA Claims 1, LLC |
| **PIP Statute** | Florida Motor Vehicle No-Fault Statute, Fla. Stat. § 627.736 |
| **United Auto** | Appellee United Automobile Insurance Company |

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is unnecessary in this proceeding, at least with respect to the appeal against United Auto.  This appeal arises from a short district court opinion addressing a single issue concerning the application of substantive state law.

## PRELIMINARY STATEMENT

Record citations are to the district court docket numbers. Unless otherwise indicated, all emphasis in quotations is added by counsel.

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131

# I.    STATEMENT OF ISSUES

A.    Whether the district court properly held that the MSP Act does not preempt the substantive conditions precedent to suit set forth in the Florida PIP Statute?

B.    Whether the district court correctly concluded that this Court has not yet addressed the pre-suit requirements of Florida's no-fault law in the context of MSP Act litigation?

# II.    STATEMENT OF THE CASE

This proposed class action is one of hundreds of similar cases filed by MSP Recovery and related entities in state and federal courts.  Many of those lawsuits, including this one, assert claims against automobile insurers for PIP benefits.

The district court granted summary judgment in favor of United Auto because MSP Recovery admittedly failed to comply with the substantive pre-suit requirements of the Florida PIP Statute.  And in accordance with prior state and federal decisions, the court rejected the contention that the MSP Act preempts Florida no-fault law.  *See* MSPA Claims 1, LLC v. First Acceptance Ins. Co., 380 F. Supp. 3d 1235 (M.D. Fla. 2019); Ocean Harbor Cas. Ins. Co.

v. MSPA Claims 1, LLC, 261 So. 3d 637 (Fla. 3d DCA 2018).

Contrary to MSP Recovery's claim, no court has ruled otherwise.

## A.    COURSE OF THE PROCEEDINGS.

MSP Recovery filed this suit in 2020 and soon thereafter amended its pleading.[1]  The Amended Complaint sets forth two claims – Count I (for double-damages under the MSP Act) and Count II (for breach of the United Auto insurance contract). Am. Compl. ¶¶ 80-97 (R-20).

United Auto moved for summary judgment on several grounds.[2]  MSP Recovery opposed the Motion for Summary Judgment, but admitted most of the assertions in United Auto's Statement of Material Facts.[3]

---

[1]    *See* Class Action Compl. Damages (R-1); Am. Class Action Compl. Damages (the "Amended Complaint") (R-20).

[2]    *See* Mot. Summ. J. (the "SJ Motion") (R-124); *see also* Statement Material Facts Supp. Mot. Summ. J. (the "UA Facts") (R-125); Def.'s Reply Further Supp. Mot. Summ. J. (R-149).

[3]    *See* Pl's Mem. Opp'n Def.'s Mot. Summ. J. (the "SJ Opp'n") (R-144); *see also* Pl.'s Resp. Statement Material Facts Supp. Mot. Summ. J. (the "MSP Facts") (R-145).

The district court (The Hon. Cecilia M. Altonaga) granted summary judgment in favor of United Auto due to MSP Recovery's admitted failure to comply with the pre-suit requirements of the PIP Statute.  *See* <u>MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.</u>, No. 20-20887, 2021 WL 2980597 (S.D. Fla. July 14, 2021) (R-153).[4]  Because the court ruled in United Auto's favor on this issue, it did "not address Defendant's remaining arguments." 2021 WL 2980597, at *1 n.3.  MSP Recovery filed this appeal, seeking review of the Final Judgment by this Court.[5]

The Court granted Appellants' requests to consolidate this appeal with one brought by MSPA Claims against Covington (Case No. 21-12428).  *See* Order (Oct. 20, 2021).  There is no claim for PIP benefits in the <u>Covington</u> case.

## B.    STATEMENT OF FACTS.

### 1.    Introduction.

In recent years, this Court has decided a series of cases "concern[ing] two statutory schemes under the umbrella of Medicare:  the Medicare Secondary Payer Act ("MSP Act") and the

---

[4]    *See also* Final J. (R-154).

[5]    *See* Notice Appeal (R-155).

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131

Medicare Advantage Program." MSPA Claims 1, LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1316 (11th Cir. 2019); *see also* MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co., 974 F.3d 1305 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2758 (2021); MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co., 950 F.3d 764 (11th Cir. 2020); MSP Recovery Claims, Series LLC v. QBE Holdings, Inc., 965 F.3d 1210 (11th Cir. 2020); Humana Med. Plan, Inc. v. W. Heritage Ins. Co., 832 F.3d 1229 (11th Cir. 2016); MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351 (11th Cir. 2016). Each of these decisions addresses a different aspect of the MSP Act and/or the MA Program. In this case, for the first time, the Court considers the intersection of the federal statutes and substantive state law provisions – specifically, those in the Florida PIP Statute.

### 2. The Relevant Medicare Statutory Provisions.

The Medicare Act, 42 U.S.C. § 1395, which was enacted in 1965, has been expanded and amended several times and now consists of five parts – A through E. *See* Humana v. Western Heritage, 832 F.3d at 1233. The key federal provisions for purposes

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

of this appeal are the Medicare Advantage Program in Part C
and the MSP Act in Part E (and their implementing regulations).

### (a)    CONGRESS ADOPTS THE MSP ACT IN 1980.

"Sometimes more than one insurer is liable for an
individual's medical costs."  MSPA Claims v. Tenet, 918 F.3d
at 1316.  "For example, a car accident victim may be entitled
to recover" from both a health insurer and an auto insurer.  Id.
Originally, when "Medicare had overlapping obligations with a
private insurer, Medicare paid first and let the private insurer pick
up whatever medical expenses remained."  Id.  Medicare thus
"was the 'primary' payer and the private insurer was the 'secondary'
payer."  Id.

That system changed in 1980 when Congress passed
the MSP Act "in an effort to curb the rising costs of Medicare."
Humana v. Western Heritage, 832 F.3d at 1234.  The MSP Act
"flipped the payment order, such that private insurers became the
primary payers and Medicare became (as the Act's name indicates)
the secondary payer."  MSPA Claims v. Kingsway, 950 F.3d at 767.
The MSP Act, however, "has never created or extended coverage;
it has only dictated the order of payment when Medicare

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

beneficiaries already have alternate sources of payment for health care." <u>Caldera v. Ins. Co. of State of Pa.</u>, 716 F.3d 861, 865 (5th Cir. 2013) (citation omitted).  Accordingly, "an MSP claimant may not recover amounts from a purported 'primary plan' in excess of a carrier's responsibility under state law or the relevant [insurance] contract." <u>Id.</u>

The MSP Act generally "prohibits Medicare from paying for items or services for which payment can reasonably be expected to be made under a primary plan" – for example, where a claim is subject to no-fault insurance.  <u>Glover v. Liggett Grp., Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing § 1395y(b)(2)(A)). But because "primary payers can sometimes take a long time to pay, . . . the MSP Act carved out an exception." <u>MSPA Claims v. Tenet</u>, 918 F.3d at 1316.  Medicare may make a conditional payment if a primary plan "has not made or cannot reasonably be expected to make payment with respect to such item or service promptly."  42 U.S.C. § 1395y(b)(2)(B)(i) (2020).

Aside from certain exceptions that are irrelevant in this case (for example, where a carrier denies a claim), Medicare does not make a payment "until the beneficiary has exhausted" his

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

no-fault benefits.  42 C.F.R. § 411.51(b).  And the "beneficiary is responsible for taking whatever action is necessary to obtain any payment that can reasonably be expected under no-fault insurance."  Id. § 411.51(a).

The MSP Act provides that Medicare "shall be subrogated" to its beneficiaries' contractual rights under primary plans (such as no-fault insurance).  42 U.S.C. § 1395y(b)(2)(B)(iv).  If Medicare cannot resolve a dispute informally through collection/ subrogation means, it may file suit against the primary plan for conditional payments.  See id. § 1395y(b)(2)(B)(ii).  The MSP Act authorizes two types of suits:  (a) an action by the government; and (b) a private cause of action.  See MSPA Claims v. Kingsway, 950 F.3d at 767.  In both cases, the plaintiff may seek double-damages.  See id.

### (b)  CONGRESS ENACTS THE MA PROGRAM IN 1997.

Part C of the Medicare Act defines the relationship between the federal government and private entities in the administration of Medicare benefits.  In 1997, "[a]lmost two decades after introducing the MSP Act," Congress enacted Part C.  Tenet, 918 F.3d at 1316.  "This amendment created Medicare Advantage

- 7 -

Organizations – private insurance companies that provide Medicare benefits in exchange for fixed fees from [CMS]." <u>Kingsway</u>, 950 F.3d at 768. "Now, beneficiaries can choose to receive Medicare benefits through either the traditional, government-run Medicare program or a Medicare Advantage plan." <u>Id.</u>

"The legislation creating Medicare Part C made MAOs – like Medicare itself – secondary payers." <u>Kingsway</u>, 950 F.3d at 768. But MAOs, unlike Medicare, are not directly subrogated to their beneficiaries' insurance rights. Instead, MAOs may seek to enforce their secondary payer status contractually. *See* <u>Humana v. Western Heritage</u>, 832 F.3d at 1235 (noting Medicare Act "permits (but not does not require) an MAO to include in its plan provisions allowing recovery against a primary plan.") (quoting <u>Parra v. PacifiCare of Ariz., Inc.</u>, 715 F.3d 1146, 1153 (9th Cir. 2013); citing § 1395w-22(a)(4); internal punctuation omitted). If an MAO does not obtain reimbursement of conditional payments informally, through non-litigation means, it can sue under the MSP Act but "must utilize the Act's private cause of action[.]" <u>Kingsway</u>, 950 F.3d at 768.

Akerman LLP, Three Brickell City Centre, 98 Southeast Seventh Street, Suite 1100, Miami, FL 33131

### 3. The Florida No-Fault Auto Insurance System.

The Florida PIP Statute was enacted in 1971 and thus pre-dates the MSP Act. *See* <u>Menendez v. Progressive Express Ins. Co.</u>, 35 So. 3d 873, 876 (Fla. 2010). Every Florida automobile insurance policy must provide up to $10,000 in PIP coverage. *See* Fla. Stat. § 627.736(1) (2017). Because coverage is provided on a no-fault basis, the PIP Statute requires prompt payment of claims and "subjects an insurer [that] pays benefits late to penalties and imposes attorney's fees if the insured is required to file suit due to late payment by the insurer." <u>Rivera v. State Farm Mut. Auto. Ins. Co.</u>, 317 So. 3d 197, 204 (Fla. 3d DCA 2021); *see also* Fla. Stat. § 627.736(4)(b) ("[PIP] benefits . . . are overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.").

As the Florida Supreme Court explained, the "No-Fault Law is a comprehensive statutory scheme, the purpose of which is to provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits." <u>Menendez v. Progressive</u>, 35 So. 3d at 876-77 (citations & internal punctuation omitted);

*see also* Ocean Harbor v. MSPA Claims, 261 So. 3d at 648 ("In its no-fault law, Florida has gone to great lengths to craft a statutory structure that protects both the insured and insurer in a process that promotes accurate and **expedited payments** of medical bills and lost income up to a statutory amount to covered persons.").

The PIP Statute has been amended several times – notably in 2001 – to address the Florida Legislature's concerns about fraud in the PIP arena.  *See* Chiropractic One, Inc. v. State Farm Mut. Auto. Ins. Co., 92 So. 3d 871, 874-75 (Fla. 5th DCA 2012).  In its 2001 PIP Amendment, the Legislature incorporated findings from a statewide grand jury that "harshly criticized the disappointing history of PIP fraud and indicated that a number of greedy and unscrupulous legal and medical professionals have turned that $10,000 coverage into their personal slush fund."  Id. at 874 (citation & internal punctuation omitted); *see also* Robbins v. Garrison Prop. & Cas. Ins. Co., 809 F.3d 583, 587 (11th Cir. 2015) (discussing later PIP amendments containing "numerous provisions designed to curtail PIP fraud").

As part of the 2001 PIP reform, the Legislature amended the Statute to require a plaintiff "to provide a pre-suit notice

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

of intent to initiate litigation." Rivera v. State Farm, 317 So. 3d

at 203. The PIP Statute now requires a detailed demand letter

"as a condition precedent" to any lawsuit seeking payment of PIP

benefits. Id.; *accord* Ocean Harbor v. MSPA Claims, 261 So. 3d

at 648 (describing demand as "condition precedent to litigation").

"The statutory requirements surrounding a demand letter are

**significant, substantive preconditions** to bringing a cause

of action for PIP benefits." Rivera, 317 So. 3d at 205 (quoting

MRI Assocs. of Am., LLC v. State Farm Fire & Cas. Co., 61 So. 3d

462, 465 (Fla. 4th DCA 2011)).[6]

 This detailed demand requirement is intended not only

to deter PIP fraud and to provide notice to the insurer, but also

to encourage the prompt resolution of claims for PIP benefits.

---

[6] The requirements of sub-section (10) apply to anyone asserting a claim for PIP benefits (such as a medical provider with an assignment of benefits) because the plaintiff "stands in the shoes" of the PIP insured. Price v. RLI Ins. Co., 914 So. 2d 1010, 1013 (Fla. 5th DCA 2005) ("An assignment is a transfer of all the interests and rights to the thing assigned. The assignee thereafter stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name.") (citations omitted); *accord* Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1288-89 (M.D. Fla. 2009).

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

*See* <u>Rivera v. State Farm</u>, 317 So. 3d at 204 ("In addition, the purpose of the demand letter is not just notice of intent to sue. The demand letter also notifies the insurer as to the exact amount for which it will be sued if the insurer does not pay the claim."). The Statute includes a 30-day cure period to incentivize settlement and discourage litigation.  *See* Fla. Stat. § 627.736(10)(d) ("If, within 30 days after receipt of notice by the insurer, the overdue claim specified in the notice is paid by the insurer together with applicable interest and a penalty . . ., **no action may be brought against the insurer**.").

Sub-section (10) of the PIP Statute sets forth the detailed requirements of this "condition precedent" to suit:

(10)  DEMAND LETTER. –

(a)  **As a condition precedent to filing any action for benefits** under this section, written notice of an intent to initiate litigation must be provided to the insurer. . . .

(b)  **The notice must** state that it is a "demand letter under s. 627.736" and **state with specificity**:

1.  The name of the insured upon which such benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the insured.

2.  The claim number or policy number . . . .

> 3.    . . . the name of any medical provider who rendered to an insured the treatment, services, accommodations, or supplies that form the basis of such claim; and **an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due.** . . .

Fla. Stat. § 627.736(10)(a)&(b).  Under Florida law, the PIP Statute

(including its pre-suit requirements) is deemed incorporated

in every Florida automobile insurance policy.  *See* Fla. Stat.

§ 627.7407(2) (2017).

### 4.    MSP Recovery's Class Action Complaint.

MSP Recovery neither offers nor administers Medicare

services.  Rather, MSP Recovery and its affiliate MSPA Claims

"are collection agencies" that have filed hundreds of suits based

on purported assignments from entities involved in the Medicare

system.  MSP Recovery v. ACE American, 974 F.3d at 1308.

MSP Recovery filed this suit as the alleged assignee

of AvMed.[7]  *See* Am. Compl. ¶ 3 (R-20).  The Complaint asserts two

class action claims, both seeking payment of PIP benefits.  *See* id.

---

[7]    MSP Recovery actually purchased the underlying claims from AvMed.  *See* Gerstin Decl. Ex. H (Claims Purchase Agreement & Assignment) (R-125-1).

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

¶¶ 80-91 (Count I) & ¶¶ 92-97 (Count II).  Count I asserts a claim under the MSP Act and Count II alleges breach of the United Auto insurance contract.  *See* id.  MSP Recovery relies on representative claims of two persons (W.T. and W.M.) allegedly insured by both AvMed and United Auto.  *See* id. ¶¶ 49-58 (W.T.) & ¶¶ 59-68 (W.M.).

MSP Recovery is seeking to represent a class that includes not only AvMed and other MAOs, but also the vaguely defined "assignees" of any MAOs.  Am. Compl. ¶ 77 (R-20).  The Complaint alleges that "a class action in this context is superior" and that it would "be relatively simple" for the district court to administer the proposed class action.  Id. ¶¶ 73 & 76.[8]

---

[8]     Florida's Third District Court of Appeal – the only appellate court to have considered the issue – has held that MSP Act claims are unsuitable for class treatment as a matter of law.  *See* IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC, 263 So. 3d 122 (Fla. 3d DCA 2018); Ocean Harbor v. MSPA Claims, 261 So. 3d 637; *accord* MSP Recovery Claims, Series LLC v. Atl. Specialty Ins. Co., No. 20-00553, 2021 WL 6750961 (M.D. Fla. Dec. 29, 2021).  (The Third District currently is considering a second certification appeal in the IDS Property case – No. 3D-21-1790.)

Akerman LLP, Three Brickell City Centre, 98 Southeast Seventh Street, Suite 1100, Miami, FL  33131

**5.    The District Court's Summary Judgment.**

United Auto moved for summary judgment on several grounds.  SJ Mot. (R-124).  For example, United Auto pointed out that both exemplar claims fail because:  (a) it paid the full $10,000 of available PIP benefits for the W.T. claim, including the hospital bill allegedly sent to AvMed, and therefore benefits were exhausted; and (b) W.M. never made a PIP claim and, to the contrary, advised United Auto that he was not injured in the accident or treated thereafter.  *See* id. at 18-19.

The district court chose to address only one of United Auto's nine summary judgment arguments – MSP Recovery's failure to comply with the PIP Statute's condition precedent to suit.  *See*  MSP Recovery v. United Auto., 2021 WL 2980597, at *1 n.3; *see  also* SJ Mot. at 8-9 (R-124); UA Facts ¶¶ 29-32 (R-125). MSP Recovery does not dispute its lack of compliance with Florida law.  *See* MSP Facts ¶¶ 29-32 (R-145); *see also* Initial Br. at 12 ("MSP Recovery did not send United Auto a written pre-suit demand pursuant to section 627.736(10), Florida Statutes, relating to W.T. or W.M.").  Instead, MSP Recovery claims that Florida law is irrelevant and that it is exempt from the pre-suit requirement

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

because "the MSP Act preempts the Florida PIP statute" and its pre-suit requirements.  SJ Opp'n at 5 (R-144).

The district court rejected MSP Recovery's preemption argument and agreed with the "well reasoned" Ocean Harbor opinion from Florida's Third District.  United Auto., 2021 WL 2980597, at *3 (citing 261 So. 3d 637).  And contrary to MSP Recovery's claim, the district court found that this Court has not ruled (by implication) on the application of the PIP Statute's pre-suit requirements in MSP Act cases.  See id. ("Neither of these cases [ACE American and Kingsway] discussed section 627.736(10), Florida Statutes.").

## C.    STANDARD OF REVIEW.

This Court reviews the district court's summary judgment under a *de novo* standard of review.  See Humana v. Western Heritage, 832 F.3d at 1233.  The same standard applies to a ruling on whether "a federal law preempts a state statute." Murphy v. Dulay, 768 F.3d 1360, 1366-67 (11th Cir. 2014).

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131

## III.   SUMMARY OF THE ARGUMENT

More than 20 years ago, the Florida Legislature amended the Florida No-Fault Statute to include substantive conditions precedent to any lawsuit seeking PIP benefits.  The Legislature took this action to combat fraud and to encourage the pre-suit resolution of PIP claims.  Now, before filing suit for PIP benefits, every plaintiff must serve a detailed notice (specifying the amount allegedly due, among other items) and must allow a 30-day cure period.

MSP Recovery chose to sue for Florida PIP benefits. But it but ignored the pre-suit requirements set forth in both the PIP Statute and the United Auto policies, claiming that the requirements are inapplicable in actions involving the MSP Act. Essentially, MSP Recovery seeks to enforce the contractual rights of United Auto insureds without complying with the provisions of the United Auto contracts or the related Florida law.

The district court correctly rejected MSP Recovery's contention that "the MSP Act preempts Florida's no-fault statute and any pre-suit requirement."  MSP Recovery v. United Auto., 2021 WL 2980597, at *2.  As the court found, MSP Recovery has not identified any MSP Act provision (or related federal regulation)

that preempts the PIP Statute's conditions precedent to suit. Nor has MSP Recovery shown (or even alleged) a conflict between the state and federal laws that would prevent it from complying with Florida's pre-suit requirements.  Moreover, as this Court has recognized, there is a strong presumption against preemption in areas typically regulated by states, such as auto insurance. MSP Recovery has not met its burden to show why the Court should override federalism concerns and preempt Florida insurance law in this case.

Finally, MSP Recovery makes a peculiar argument that this Court already ruled on the issue presented here – and did so in an opinion that does not contain the words "preemption" or "PIP." MSP Recovery wrongly claims that the <u>ACE American</u> Court made an "implicit" determination about MSP Act preemption.  The Court was not required to consider preemption issues in that appeal and did not do so.  Instead, it properly exercised its discretion to leave that issue – which had not been addressed by the district court or fully briefed – for another day and another appeal.

## IV.   ARGUMENT

**THE DISTRICT COURT PROPERLY GRANTED
SUMMARY JUDGMENT IN VIEW OF MSP RECOVERY'S
ADMITTED FAILURE TO COMPLY WITH THE PRE-SUIT
REQUIREMENTS OF THE FLORIDA PIP STATUTE.**

**A.    AS THE DISTRICT COURT HELD, THE MSP ACT DOES NOT
PREEMPT THE SUBSTANTIVE CONDITIONS PRECEDENT
TO SUIT SET FORTH IN THE FLORIDA PIP STATUTE.**

Nothing in the MSP Act or its implementing regulations expressly preempts the substantive conditions precedent to suit set forth in the Florida PIP Statute, nor do the laws conflict with one another.  Accordingly, the district court correctly rejected MSP Recovery's preemption challenge to the PIP Statute's pre-suit requirements.

As this Court recently observed, federal law preempts or "trumps state law" when two laws conflict.  Marrache v. Bacardi U.S.A., Inc., 17 F.4th 1084, 1094 (11th Cir. 2021).  Such a conflict exists only "when it is impossible for a private party to comply with both state and federal requirements."  Murphy v. Dulay, 768 F.3d at 1367.  In this case, nothing prevented MSP Recovery (or AvMed) from complying with the substantive requirements of the Florida PIP Statute before filing suit.

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131

MSP Recovery appears to argue that the MSP Act "trumps" the Florida PIP Statute in two ways – express preemption and conflict preemption.  *See* Marrache, 17 F.4th at 1094 (listing three categories of preemption).[9]  Express preemption "occurs when Congress manifests its intent to displace a state law using the text of a federal statute."  Marrache, 17 F.4th at 1094 (citation omitted).  And conflict preemption is implied where "(1) compliance with both federal and state regulations is a physical impossibility, or (2) the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  Id. (citation omitted).  MSP Recovery does not assert that it cannot

---

[9]    The third category is field preemption, which "exists where Congress determines that a certain field must be regulated exclusively by the federal government."  Marrache v. Bacardi, 17 F.4th at 1094 (citation omitted).  MSP Recovery does not address field preemption and thus waives any argument based on that category.  *See*  Sidman v. Travelers Cas. & Sur., 841 F.3d 1197, 1206 n.13 (11th Cir. 2016) ("Parties must submit all issues on appeal in their initial briefs.") (citation omitted).  Moreover, field preemption is inapplicable here.  As MSP Recovery acknowledges, "Florida's no-fault laws . . . are part of the MSP Act's primary-secondary payment structure."  Initial Br. at 53 (citing 42 U.S.C. § 1395y(b)(2)(A)).

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131

comply with the requirements that every other plaintiff must satisfy before filing actions for PIP benefits.

### 1.    States Traditionally Regulate Insurance.

This Court should begin its analysis of MSP Recovery's claim "with the assumption that the historic police powers of the States are not to be superseded by [federal law] unless that was the clear and manifest purpose of Congress." Altria Grp., Inc. v. Good, 555 U.S. 70, 77 (2008) (citation omitted); *see also* Conway v. United States, 997 F.3d 1198, 1207 (Fed. Cir. 2021) ("Because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state law.") (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996); internal punctuation omitted); Murphy v. Dulay, 768 F.3d at 1367-68 ("If the terms of the federal statute can be read sensibly **not** to preempt state law, the presumption controls.") (pointing out "federalism concerns").

This assumption "applies with particular force when Congress has legislated in a field traditionally occupied by the States" – such as insurance. Altria v. Good, 555 U.S. at 77; *accord*

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

Marrache, 17 F.4th at 1095; Murphy v. Dulay, 768 F.3d at 1367
(all citing Medtronic v. Lohr, 518 U.S. at 485); *see also* Conway
v. United States, 997 F.3d at 1207 ("The regulation of insurance
has traditionally been under the control of the States.") (citation
& internal punctuation omitted); Cal. Ins. Guar. Ass'n v. Azar,
940 F.3d 1061, 1064 (9th Cir. 2019) ("Insurance regulation is
a field traditionally occupied by the states, and we must presume
that the Medicare secondary payer provisions do not preempt state
insurance laws unless Congress clearly manifested its intent
to do so.") (finding no preemption).

   Applying this presumption in an analogous case,
this Court upheld Florida's pre-suit requirements for medical
malpractice claims, holding that the state law was not contrary
to the federal Health Insurance Portability and Accountability Act
("HIPAA").  *See* Murphy v. Dulay, 768 F.3d 1360 (reversing ruling
on preemption).  The Court should reach a similar result here
by affirming the district court's determination "that the MSP Act
does not preempt Florida's no-fault law."  United Auto., 2021 WL
2980597, at *3.

2.     **There Is No Express Preemption.**

MSP Recovery claims that the Medicare Act and its implementing regulations expressly preempt sub-section (10) of the Florida PIP Statute.  Essentially, MSP Recovery is making the same argument that was rejected in the "well reasoned" <u>Ocean Harbor</u> opinion adopted by the district court :

> Contrary to MSPA's arguments, the [MSP] Act does not eliminate the terms and conditions of underlying State no fault law.
>
> * * * * * * * * * * * *
>
> The [MSP] Act was never intended to broadly preempt State insurance law. . . . Thus, the [MSP] Act envisions the full enforcement of state insurance law . . . – but only when the conditions of those state insurance laws are met, subject to the condition that Medicare is secondary.

261 So. 3d at 644-45; *accord* <u>MSPA Claims v. First Acceptance</u>, 380 F. Supp. 3d at 1240-41.  Moreover, there is no conflict between the Medicare provisions (which address MAO regulatory standards and billing) and the PIP Statute's pre-suit requirements.

(a)     SECTION 1395W-26, THE MAO STANDARDS ACT.

MSP Recovery argues that sub-section 26(b)(3) of the Medicare Standards Act sets forth the exclusive limitations on an MAO's right to bring an MSP Act claim and that this provision has

"preemptive effect" over any state law or regulation.  Initial Br.

at 48.  But this statute and its related regulation (42 C.F.R.

§ 422.402) are preemptive as to MAO regulatory standards only;

they have nothing to do with litigation or with claims for insurance

benefits.

Part C of the Medicare Act (which establishes the MA

Program) authorizes CMS to promulgate regulations and standards

for MAOs.  The MAO Standards Act directs CMS to establish

by regulation various "**standards** . . . for [MAOs] and plans

consistent with, and to carry out, this part."  42 U.S.C. § 1395w-

26(b)(1).  As indicated by its title ("Establishment of **standards**"),

this statute's preemptive language is limited to MAO regulatory

standards:  "The **standards** established under this part shall

supersede any State law or regulation (other than State licensing

laws or State laws relating to plan solvency) with respect to MA

plans which are offered by MA organizations under this part."  Id.

§ 1395w-26(b)(3); *see also* 42 C.F.R. § 422.402.

It is MSP Recovery's burden to identify a specific MAO

"standard" and to explain how that standard supersedes Florida's

substantive pre-suit requirements for parties seeking PIP benefits.

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

*See* <u>Altria v. Good</u>, 555 U.S. at 76 ("If a federal law contains an express pre-emption clause, it does not immediately end the inquiry because the question of the substance and scope of Congress' displacement of state law still remains.").  MSP Recovery has not met this burden.

### (b)    MEDICARE REGULATIONS.

MSP Recovery relies on three Medicare regulations (42 C.F.R. sections 422.108, 411.22 and 411.24), none of which supports its express preemption claim.[10]

- **Section 422.108.**  Section 422.108, which pertains to the MA Program, states in part:

> (f)    *MSP rules and State laws.* . . . [T]he rules established under this section supersede any State laws, regulations, contract requirements, or other standards that would otherwise apply to MA plans. A State cannot take away an MA organization's right under Federal law and the MSP regulations to bill, or to authorize providers and suppliers to bill, for services for which Medicare is not the primary payer.

---

[10]    The regulations relating to the MA Program are found in 42 C.F.R. part 422.  *See* 42 C.F.R. § 422.1(b) ("This part establishes standards and sets forth the requirements, limitations, and procedures for Medicare services furnished, or paid for, by [MAOs] through Medicare Advantage plans.").

- 25 -

42 C.F.R. § 422.108(f) (italics in original). In arguing preemption, MSP Recovery focuses on the regulation's prohibition against a state taking away an MAO's right "to bill" for services. *See* Initial Br. at 51.

But the PIP pre-suit provision has no effect on an MAO's right to bill for services and thus does not conflict with this regulation. Section 627.736(10) simply requires that a party suing for benefits under a PIP policy provide the insurer with notice of any overdue bills before filing suit, so "the insurer can pay and end the dispute before wasting the court's and the parties' time and resources." <u>Rivera v. State Farm</u>, 317 So. 3d at 204 (citation omitted).

In addition, MSP Recovery relies on the last sentence of Section 422.108(f): "The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter." It mistakenly claims that two regulations in part 411 (Sections 411.22 and 411.24) support its preemption claim. *See* Initial Br. at 52.

Akerman LLP, Three Brickell City Centre, 98 Southeast Seventh Street, Suite 1100, Miami, FL 33131

- **Sections 411.22 and 411.24.** Section 411.22 (known as the "demonstrated responsibility" provision) states: "A primary payer . . . must reimburse CMS for any payment if it is demonstrated that the primary payer has or had a responsibility to make payment." 42 C.F.R. § 411.22(a); *see also* 42 U.S.C. § 1395y(b)(2)(B)(ii) ("[A] primary plan . . . shall reimburse . . . if it is demonstrated that such primary plan has or had a responsibility to make payment."). This responsibility can be demonstrated via judgment, settlement or contract. *See* 42 C.F.R. § 411.22(b). Section 411.24 (titled "Recovery of conditional payments") provides in relevant part: "Right to initiate recovery. CMS may initiate recovery as soon as it learns that payment has been made or could be made under . . . any liability or no-fault insurance[.]" Id. § 411.24(b).

Contrary to MSP Recovery's claim, the Florida PIP Statute's pre-suit requirements do not conflict with these two regulations. Nothing in the PIP Statute abrogates an insurer's obligation to make payments when they are due. Indeed, the Statute mandates prompt payments. *See* Rivera, 317 So. 3d at 204. Section 627.736(10) merely requires notice and a 30-day

cure period before litigation, so the insurer may attempt to resolve the claim.  *See* <u>id.</u> at 205 (noting that pre-suit requirements "make sense" and encourage "speedy payment of medical bills") (citation omitted).  When an MAO learns that a no-fault insurer has a responsibility to reimburse, it can provide the insurer with the information required in sub-section (10) and thereby "initiate recovery."  This simple requirement does not undermine the MSP laws and regulations.

### (c) SECTION 1395w-22(A)(4), THE MAO RIGHT-TO-CHARGE PROVISION.

MSP Recovery takes one more cursory shot at express preemption via the MAO Right-to-Charge Provision of the Medicare Act, which provides in part:

> **(4)   Organization as secondary payer**
>
> Notwithstanding any other provision of law, [an MAO] may (. . . under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) . . . ) charge . . . –
>
> > **(A)**   the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services[.]

42 U.S.C. § 1395w-22(a)(4) (emphasis in original); *see also* Initial Br. at 51.  In <u>Humana v. Western Heritage</u>, this Court found that

the Right-to-Charge Provision "permits (but does not require)

an MAO to include in its plan provisions allowing recovery against

a primary plan[.]"  832 F.3d at 1235 (citation & internal

punctuation omitted); *see also* Parra v. PacifiCare, 715 F.3d at 1154

("The MAO Statute simply allows PacifiCare to provide via its

contracts that its insurance is secondary to other available plans

and allows recovery from a primary plan that refuses to reimburse

the MAO for payments made on behalf of a participant.").

MSP Recovery fails to explain how the PIP Statute's

pre-suit requirements conflict with the Right-to-Charge Provision.

Nothing in the Florida provision limits an MAO from including

a right-to-charge provision in its plan or purports to make an MAO

a primary payer.[11]  Therefore, Section 627.736(10) does not fall

within the ambit of the preemption clause of the Right-to-Charge

Provision.  *Cf.* Potts v. Rawlings Co., LLC, 897 F. Supp. 2d 185, 196

(S.D.N.Y. 2012) (finding that New York's anti-subrogation statute

was preempted by § 1395w-22(a)(4) because it "plainly would apply

to take away an MA organization's right under Federal law and the

---

[11]    The Record does not establish that AvMed's agreements
        with W.M. and W.T. contain a right-to-charge provision.

MSP regulations to seek reimbursement") (citation & internal punctuation omitted).

The MAO Right-to-Charge Provision and the MSP Act work harmoniously with the PIP Statute. The federal laws contemplate that a Medicare payment is secondary only if "under such law, plan, or policy" the private insurer is responsible for covering the same medical expense. 42 U.S.C. § 1395w-22(a)(4). United Auto's policies – and the Florida no-fault law incorporated in those policies – contain the substantive provisions governing the PIP insurer's obligations. *See* Fla. Stat. § 627.7407(2) (providing all Florida auto insurance policies "shall be deemed to incorporate the provisions of the Florida [PIP Statute]"). Hence, the district court correctly considered and applied Florida law.

### 3. There Is No Conflict Preemption.

In the absence of express preemption, this Court next considers implied preemption – specifically, whether the PIP Statute's pre-suit requirements somehow conflict with the MSP Act. *See* Altria v. Good, 555 U.S. at 76-77; Marrache v. Bacardi, 17 F.4th at 1094.

- 30 -

MSP Recovery does not claim that it **cannot** comply with both the MSP Act and Section 627.736(10).  Rather, MSP Recovery argues that it **should not** have to follow Florida law even when suing for benefits provided under a Florida law and a Florida insurance policy.  This position does not satisfy the "high threshold [that] must be met if a state law is to be preempted for conflicting with the purposes of a federal Act."  Marrache, 17 F.4th at 1094 (citation omitted).

MSP Recovery appears to raise two "conflict preemption" arguments, both of which lack merit.  First, it cites to the MSP Act's private cause of action.  *See* Initial Br. at 48 (citing § 1395y(b)(3)(A)).  But MSP Recovery does not explain what part of this sub-section allegedly conflicts with the conditions precedent to suit set forth in the PIP Statute.  MSP Recovery appears to argue that the **absence** of a provision concerning pre-suit notice acts to preempt Section 627.736(10) and indicates that Congress intended to reject any state pre-suit notice requirements.

But "this argument is contrary to settled law that inaction by Congress cannot serve as justification for finding federal preemption of state law."  Graham v. R.J. Reynolds Tobacco Co.,

857 F.3d 1169, 1190 (11th Cir. 2017); *see also* <u>Murphy v. Dulay</u>,

768 F.3d at 1375 ("Had the drafters of the HIPAA regulations

wished to preclude a state legislature from conditioning a public

benefit – such as filing a lawsuit – on signing a HIPAA

authorization, they could have easily done so . . . . The regulations

do not do so, and **we must give effect to the regulations'**

**silence**.").  This Court should apply the principle of respecting

statutory and regulatory silence here – particularly because the

MSP Act "presupposes an existing obligation" that is dependent

on state law.  <u>Western Heritage</u>, 832 F.3d at 1237.

Second, MSP Recovery suggests that Florida's no-fault

law frustrates the purpose of the MSP Act – which "incentivizes

reimbursement on the primary plan's own initiative when it has

an obligation to pay."  Initial Br. at 52.  Congress passed the MSP

Act "to curb the rising cost of Medicare" by inverting the priority

of payments between private insurers and Medicare.  <u>Western</u>

<u>Heritage</u>, 832 F.3d at 1234.  The PIP Statute's pre-suit

requirements do not frustrate this purpose.  To the contrary,

the requirements (of notice and a 30-day cure period) encourage

the prompt resolution of PIP claims without litigation – a desirable

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

outcome for Medicare.  Moreover, even if MSP Recovery were

to bring suit, compliance with Section 627.736(10) would pose only

a minor inconvenience because MSP Recovery (and/or AvMed)

should have detailed information about the bills allegedly owed

by United Auto.

In determining Congressional intent, courts look to the

"structure and purpose of the statute as a whole . . . as revealed

not only in the text, but through the reviewing court's reasoned

understanding of the way in which Congress intended the statute

and its surrounding regulatory scheme to affect business,

consumers, and the law."  Medtronic, 518 U.S. at 486.  The

Medicare secondary payer scheme created by Congress does not

foreclose Florida's requirement of notice to a no-fault insurer and

a cure period before litigation.  Hence, United Auto properly raised

the failure to comply with the PIP Statute as a defense in this suit

and the district court properly granted summary judgment on that

basis.  See MSP Recovery v. Allstate, 835 F.3d at 1361 ("Defendants

may still assert any valid contract defense in arguing against their

liability."); Ocean Harbor, 261 So. 3d at 648 ("Ocean Harbor will be

entitled to raise any appropriate defense under the [PIP] statute and policies.").

### 4. *Kingsway* and *Western Heritage* Do Not Support Preemption.

Finally, MSP Recovery wrongly claims that this Court's decisions in <u>Kingsway</u> and <u>Western Heritage</u> support its preemption argument. *See* Initial Br. at 48-50.

In <u>Western Heritage</u>, this Court held that an MAO may avail itself of the MSP Act private cause of action. *See* 832 F.3d at 1237-38. The Court did not consider preemption or the Florida PIP Statute or PIP benefits at all. <u>Western Heritage</u> concerns a settlement under a liability insurance policy issued (by Western) to a condominium association. *See* <u>id.</u> at 1232. This Court noted that the insurer "had **actual knowledge** of Humana's claim, and as a settling party in tort litigation, Western had the ability to discern the precise nature of the [beneficiary's] health insurance coverage" – in other words, that she was a Medicare recipient. <u>Id.</u> at 1239.

MSP Recovery contends that the PIP Statute's pre-suit requirements somehow conflict with this sentence. *See* Initial Br. at 49 ("Nothing more than constructive knowledge was required.

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

Imposing a state-law formal demand requirement would conflict

with this low federal statutory threshold to the federal right

of action.").  MSP Recovery reads Western Heritage too broadly.

First, the single sentence cited by MSP Recovery is not

the case's holding.  Second, MSP Recovery omits the phrase "actual

knowledge" in its citation and claims that the Court decided that

only "constructive knowledge" is required.  Third and most

importantly, PIP benefits were not at issue Western Heritage (which

involved a liability settlement), so the PIP Statute and its pre-suit

requirements were inapplicable.

MSP Recovery's reliance on Kingsway also is unavailing.

Kingsway, like Western Heritage, involves a liability settlement.

*See* 950 F.3d at 768.  "[T]he lone question presented [was] whether

compliance with the claims-filing provision [§ 1395y(b)(2)(B)(vi)],

is a prerequisite to filing suit under the [MSP] Act's private cause

of action."  Id. at 770.  The Kingsway Court did not "decide whether

the claims-filing provision applies to MAOs," nor did it consider any

preemption issue.  Id. at 776.  Hence, the Kingsway Court's holding

that the claims-filing provision did not impose a timeliness bar does

not bear on the question presented here.

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

**B.    THIS COURT HAS NOT YET ADDRESSED THE PRE-SUIT REQUIREMENTS OF FLORIDA'S NO-FAULT LAW IN THE CONTEXT OF MSP ACT LITIGATION.**

MSP Recovery asks this Court not to consider the preemption issue on its merits but, rather, to find that the issue already was decided in a 2020 Eleventh Circuit opinion that does not cite Section 627.736, nor mention the word "preemption." *See* Initial Br. 45-47 (citing MSP Recovery v. ACE American, 974 F.3d 1305).  MSP Recovery is wrong.

**1.    *ACE American* Does Not Mention Preemption or the Florida PIP Statute.**

The ACE American opinion arises from four 2018 consolidated appeals (filed by MSP Recovery and MSPA Claims) challenging dismissals with prejudice on standing grounds.  *See* 974 F.3d at 1309-12.  None of the underlying district court decisions addressed issues of preemption or the PIP Statute's pre-suit demand requirements.  Indeed, in the lead ACE American case, the district court could not have considered these issues because there was no auto accident nor claim for PIP benefits.  *See* MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co., No. 17-13749,

2018 WL 1547600, at *2 (S.D. Fla. Mar. 9, 2018) (noting ACE is a "private liability insurer" not an auto insurer), *rev'd*, 974 F.3d 1305.

The ACE American Court, therefore, did not consider the issue posed by this appeal – whether MSP Recovery, which is seeking payments allegedly owed pursuant to a Florida no-fault insurance policy, must comply with the substantive conditions precedent to suit established by Florida law and that policy. In ACE American, the Court focused on whether the district court erroneously: (1) concluded that downstream actors do not fall within the scope of the MSP Act's private cause of action; (2) dismissed certain claims with prejudice; and (3) found that certain assignments were invalid. *See* 974 F.3d at 1312. The Opinion discusses these issues at length. *See* id. at 1312-18.

The ACE American Court briefly considered "several alternative bases for affirmance" raised by the insurer appellees, including that "Plaintiffs failed to comply with their supposed pre-suit notice requirements." 974 F.3d 1318. In one paragraph, the Court addresses **federal** notice provisions:

> With respect to their second argument, that Plaintiffs failed to comply with alleged pre-suit notice requirements, Defendants point to no law

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

that obligated Plaintiffs to submit "recovery demand letters" or otherwise provide advance notice of their intent to bring a claim.  **The regulation that Defendants cite to support their argument contemplates that primary payers' liability arises not only after the primary payer receives a recovery demand letter** *but also* **in cases in which "the demonstration of primary payer responsibilities is other than receipt of a recovery demand letter."  42 C.F.R. § 411.22.** Although primary payers must have knowledge that they owed a primary payment before a party can claim double damages under the Medicare Secondary Payer Act, *see Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006); *see also* 42 C.F.R. § 411.24(i)(2), Plaintiffs plausibly alleged that Defendants had such knowledge.

Id. at 1319 (italics in original).  There, the Court is talking about federal regulations – as shown by its repeated quotation of the "recovery demand letter" language in Section 411.22.  There is no mention of the Florida PIP Statute or any state law provision.

MSP Recovery assigns too much weight to the Court's passing remark that "Defendants point to no law that obligated Plaintiffs to submit 'recovery demand letters' or otherwise provide advance notice of their intent to bring a claim."  Initial Br. at 46 (quoting 974 F.3d at 1319).  That general remark – which quotes Section 411.22 and thus relates to federal notices – is not a ruling on the issue presented in this appeal.

## 2. The *ACE* Court Did Not Make an "Implicit" Ruling on Preemption or the Florida PIP Statute.

MSP Recovery seems to acknowledge that <u>ACE American</u> does not directly address, and thus does not resolve, the preemption and PIP issues presented in this appeal. But it mistakenly suggests that the Opinion contains an implied holding in favor of preemption. *See* Initial Br. at 47 ("Implicit in the reasoning of *ACE* is that a state law pre-suit demand requirement, or one contained in a contract, is impliedly preempted by federal law.").

This Court has considered implied holdings in the context of the law of the case doctrine and the mandate rule and has held that an implied holding will not be found unless it is **necessary** to the court's express holding. *See* <u>Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.</u>, No. 20-10667, 2022 WL 40210, at *2 (11th Cir. Jan. 5, 2022) ("And while the [law of the case] doctrine encompasses only those issues previously determined, . . . the law is clear that it comprehends things *decided by necessary implication* as well as those decided explicitly.") (quoting <u>Wheeler v. City of Pleasant Grove</u>, 746 F.2d 1437, 1440 (11th Cir. 1984);

emphasis in original); *accord* <u>Piambino v. Bailey</u>, 757 F.2d 1112, 1120 (11th Cir. 1985) ("As with the mandate rule, the law of the case doctrine applies to **all issues decided expressly or by necessary implication**; it does not extend to issues the appellate court did not address.").

To reach its holding, the <u>ACE American</u> Court did not have to consider the Florida PIP Statute. Specifically, the Court did not determine whether Section 627.736(10) sets forth a valid condition precedent to filing an MSP Act private action for benefits owed under a Florida no-fault insurance policy or is preempted by the MSP Act or its implementing regulations.

MSP Recovery points out that two of the four insurers in <u>ACE American</u> mentioned Section 627.736(10) in their briefs. *See* Initial Br. at 46 n.20. But the ACE Court exercised its discretion not to consider this alternate argument. *See* <u>Belcher Pharm., LLC v. Hospira, Inc.</u>, 1 F.4th 1374, 1379 (11th Cir. 2021) ("We **may** affirm the district court on any basis the record supports[.]") (citation & internal punctuation omitted). This was a reasonable choice given that the alternate argument applied to only two of the four appellees, was not fully briefed and was not

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL 33131

addressed by the district courts.  There is no reason to think that the <u>ACE American</u> Court made a significant ruling on federal preemption and Florida no-fault law without mentioning it.  *Cf.* <u>Murphy v. Dulay</u>, 768 F.3d 1360 (considering similar preemption issue at length).  Rather, the Court chose to allow the district court to analyze the issue, so that it could be properly addressed in a future appeal.

## V.    CONCLUSION

For these reasons, the Court should affirm the Final Judgment.

Respectfully submitted,

AKERMAN LLP
*Counsel for Appellee United Auto*
Three Brickell City Centre
98 SE Seventh Street, Suite 1100
Miami, Florida  33131
Telephone:      305-374-5600
nancy.copperthwaite@akerman.com
valerie.greenberg@akerman.com
lorayne.perez@akerman.com
debra.atkinson@akerman.com

 /s/ Nancy A. Copperthwaite
Nancy A. Copperthwaite
Valerie B. Greenberg
Lorayne Perez

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this filing is printed in Arial and Bookman Old Style 14-point font and contains 7909 words (excluding appropriate sections) in compliance with the Federal Rules of Appellate Procedure.

 /s/ Nancy A. Copperthwaite
Nancy A. Copperthwaite
Florida Bar No. 549428

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 14th day of March 2022, I electronically filed this brief with the Clerk of the Court using CM/ECF.  I also certify that the brief is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Nancy A. Copperthwaite
Nancy A. Copperthwaite

AKERMAN LLP, THREE BRICKELL CITY CENTRE, 98 SOUTHEAST SEVENTH STREET, SUITE 1100, MIAMI, FL  33131